IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ESTEVAN RIVERA AND RACHEL RIVERA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 5:20-cv-68 |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., PHH MORTGAGE, BONIAL & ASSOCIATES, P.C., TRUSTEES, | § § § § § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-NC2 ("U.S. Bank")[1] and PHH Mortgage Corporation ("PHH")[2] (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446.

## BACKGROUND

On January 6, 2020, Estevan Rivera and Rachel Rivera ("Plaintiffs") filed an Application for Temporary Restraining Order against Defendants and Bonial & Associates, P.C. ("Bonial") in the 225th District Court of Bexar County, Texas (the "Action").[3] Plaintiffs do not assert any claims against Defendants, but merely seek a temporary restraining order enjoining Defendants from

---

[1] Incorrectly named in Plaintiffs' Application for Temporary Restraining Order as "U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc."
[2] Incorrectly named in Plaintiffs' Application for Temporary Restraining Order as "PHH Mortgage."
[3] *See* Application for Temporary Restraining Order ("App."), Exhibit 2. All of the filings from the Action are attached hereto as Exhibits 1-5. The docket sheet for the Action appears at Exhibit 1.

foreclosing on the property located at 7410 Buckskin, San Antonio, Texas 78227 ("Property"). Plaintiffs have not requested citation be issued for Defendants as of the date of this Notice of Removal.[4] As such, this removal is timely pursuant to 28 U.S.C. §1446(b).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§1332 and 1441 because: (1) there is complete diversity between Plaintiffs and Defendants; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Complete Diversity Exists.**

There is complete diversity between Plaintiffs and Defendants.

**1.     Plaintiffs are Citizens of Texas.**

Plaintiffs are individuals domiciled in Bexar County, Texas.[5] Therefore, for diversity purposes, Plaintiffs are citizens of Texas.

**2.     U.S. Bank is a Citizen of Ohio.**

U.S. Bank is a citizen of Ohio for the purposes of diversity jurisdiction.[6] U.S. Bank is a national banking association acting as a trustee of a trust. As trustee, U.S. Bank's citizenship controls for diversity purposes. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") (*citing Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)). In *Wachovia Bank, N.A. v. Schmidt*, the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. 546 U.S. 303,

---

[4] *See* Docket Sheet, Ex. 1.
[5] App. at ¶ 7.
[6] *See* FDIC BankFind results for U.S. Bank, National Association, Exhibit 7.

307 (2006); *see also* 28 U.S.C. § 1348. U.S. Bank's main office, as designated in its articles of association, is located in Ohio. Therefore, U.S. Bank is a citizen of Ohio for diversity purposes.

3. **PHH is a Citizen of New Jersey.**

PHH is a citizen of New Jersey for purposes of diversity jurisdiction. PHH is a corporation. When considering diversity of citizenship, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. §1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). PHH is incorporated in New Jersey and has its principal place of business in New Jersey. Therefore, PHH is a citizen of New Jersey for diversity purposes. *See Bohannon v. PHH Mortg. Corp.*, 665 F. App'x 760, 761 n. 2 (11th Cir. 2016) (PHH is a citizen of New Jersey).

4. **If Bonial is a Party, it is Fraudulently Joined.**

In the Application for Temporary Restraining Order, Plaintiffs name Bonial as a party. While Defendants assert that Bonial is a not a party to this suit, Defendants further contend that removal is proper notwithstanding any alleged Texas citizenship of Bonial. Diversity jurisdiction is not destroyed when a plaintiff improperly joins a non-diverse defendant. *See McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). Improper joinder occurs when there is no "reasonable basis" for predicting that state law might impose liability on the non-diverse defendant. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). For Plaintiffs to refute Defendants' claim of improper joinder, Plaintiffs must demonstrate a reasonable possibility of recovery, not merely a "theoretical" one. *Ross*, 344 F.3d at 462; *Badon v. RJR Nabisco, Inc.*,

236 F.3d 282, 286 n. 4 (5th Cir. 2000) (rejecting contention that "theoretical possibility" of recovery can refute a claim of fraudulent joinder).

Plaintiffs have failed to set forth any viable cause of action against Bonial, and there is no reasonable basis to predict that Texas law would impose liability on Bonial in the circumstances alleged by Plaintiffs. Plaintiffs cannot establish a cause of action against Bonial for several reasons, including: (1) to the extent acting as substitute trustee or agent of trustee for the foreclosure at issue, Bonial is not a necessary party to this lawsuit under Section 51.007(a) of the Texas Property Code; and (2) to the extent acting as substitute trustee or agent of trustee for the foreclosure at issue, Bonial is protected from liability to Plaintiffs by Section 51.007(f) of the Texas Property Code. The Texas Property Code creates a qualified immunity for mortgage trustees who make good-faith errors. *See* Tex. Prop. Code § 51.007(f). Plaintiffs do not provide any allegations that Bonial was acting in bad faith, and therefore Plaintiffs have no reasonable basis for recovery against Bonial. *See Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. Appx. 274, 277 (5th Cir. 2014) (holding district court properly denied motion to remand because substitute trustee was improperly joined). Furthermore, a claim against a substitute trustee relating to a foreclosure must be brought as a claim for wrongful foreclosure. *See, e.g., Foster v. Deutsche Bank Nat'l Trust Co.*, No. 4:14-CV-436-Y, 2014 U.S. Dist. LEXIS 192783, at *6-7 (N.D. Tex. Aug. 22, 2014), *aff'd* 848 F.3d 403 (5th Cir. 2017) (denying motion to remand where allegations against substitute trustee related solely to foreclosure that did not occur). Plaintiffs make no such claim, nor could they, because no foreclosure sale has occurred.

Nor did Bonial need to be joined as a defendant for Plaintiffs to obtain effective injunctive relief from the state court. *See* Tex. R. Civ. P. 683 (orders granting injunctions are binding upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those

persons in active concert or participation with them who receive actual notice). Even if this were not the case, if Bonial were named as a defendant for purposes of injunctive relief only, with no claims against them, they are a nominal party that may be disregarded for purposes of removal and diversity jurisdiction. *See Lassberg v. Bank of America, N.A.*, 660 Fed. Appx. 262, 266 (5th Cir. 2016).

B.  **Amount in Controversy Met.**

The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs, among other things, seek injunctive relief to prevent Defendants from foreclosing a lien secured against the Property and taking possession of the Property. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961). A common method of establishing the value of real property is to look to a county appraisal district's assessment. *Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 546-47 (5th Cir. 2014). Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). The Bexar County Appraisal District has set the value of the Property for 2019 at $97,098.00.[7] Accordingly, the amount in

---

[7] *See* Bexar County Appraisal District Report, Exhibit 6.

controversy for the relief sought by Plaintiffs in this action exceeds $75,000, exclusive of interest and costs.

## VENUE IS PROPER IN THIS COURT

Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. This Court embraces the 225th Judicial District Court of Bexar County, Texas, which is the state court in which this Action was filed and pending. 28 U.S.C. §§1391 and 1441(a).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, orders and docket sheets from the state court file of the Action are being filed with this Notice of Removal.[8] Defendants are filing with the clerk of the state district court in which this Action is pending, and are serving upon Plaintiffs, a Notice of Removal, together with Notice of Removal and supporting documentation, pursuant to 28 U.S.C. §1446(d).

## REMOVAL IS PROPER TO THIS COURT

Defendants have met the requirements for removal of this Action to this Court under 28 U.S.C. §§ 1332, 1441 and 1446. This Notice of Removal is filed subject to and without waiver of all rights and defenses of Defendants to Plaintiffs' claims herein.

---

[8] *See* Exhibits 1-5.

Dated: January 17, 2020

Respectfully submitted,

*/s/   Amelia H. Marquis*
**Adam Nunnallee**
Texas State Bar No. 24057453
anunnallee@dykema.com
**Amelia H. Marquis**
Texas State Bar No. 24097512
amarquis@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas  75201
(214) 462-6453
(855) 256-1482 FAX

***Attorneys for Defendants PHH and U.S. Bank***

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on January 17, 2020, in compliance with the Federal Rules of Civil Procedure.

*/s/   Amelia H. Marquis*
Amelia H. Marquis