UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ESTEVAN RIVERA and RACHEL
RIVERA,

      Plaintiffs,

v.

U.S. BANK NATIONAL ASSOC.,
As Trustee for RESIDENTIAL ASSET
MORTGAGE PRODUCTS, INC., PHH
MORTGAGE, BONIAL & ASSOC. P.C.,
TRUSTEES,

      Defendants.

No. SA-20-CV-00068-JKP

# ORDER

On this date, the Court considered Defendants', U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-NC2 ("U.S. Bank") and PHH Mortgage Corporation ("PHH") (collectively, "Defendants"), Motion to Dismiss the Application for Temporary Restraining Order ("Application") for failure to state a claim. ECF No. 3. Plaintiffs Estevan Rivera and Rachel Rivera ("the Riveras") did not respond. Upon consideration, the Court concludes Defendants' motion to dismiss has merit and shall be GRANTED.

## STANDARD

Upon motion by a party, a case must be dismissed when the allegations asserted in the Complaint "fail[] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts

regarding the sufficiency of the claim in favor of the plaintiff. *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985) (citations omitted). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Dismissal pursuant to Rule 12(b)(6) is appropriate when it appears no relief can be granted under any set of facts that could be proven consistent with the allegations. *See Heitschmidt v. City of Houston*, 161 F.3d 834 (5th Cir. 1998); *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647, 650 (E.D. Tex. 1999).

## DISCUSSION

On January 6, 2020, the Riveras filed an Application for Temporary Restraining Order against Defendants and Bonial & Associates, P.C. ("Bonial") in Texas state court. ECF No. 1, Exhibit 2. The Riveras did not assert any specific cause of action against Defendants, but sought only a temporary restraining order enjoining Defendants from foreclosing on a property on January 7, 2020. *Id.* The state court issued a temporary restraining order and set the application for a hearing on January 21, 2020. *Id*. at Exhibit 3. This cause was removed to this Court on January 17, 2020. ECF No. 1.

Because the Riveras do not allege any cause of action against Defendants, and the state court did enjoin the foreclosure sale scheduled for January 7, 2020, nothing remains for this Court to adjudicate. Thus, it appears no relief can be granted under any set of facts that could be proven consistent with the allegations. For this reason, Defendants' Motion to Dismiss must be granted. *See Heitschmidt*, 161 F.3d at 834; *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d at 650.

To the extent this Court might construe the Riveras' Application as an independent cause of action for injunctive relief, this cause must fail as a matter of law. Under Texas law, a request for injunctive relief is not an independent cause of action but must arise from an

underlying asserted cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *see also Cook v. Wells Fargo Bank, N.A.*, 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Consequently, this Court cannot provide any implied injunctive relief because the Riveras do not assert any underlying cause of action to support such a request.

The Riveras did not respond to Defendants' Motion to Dismiss for Failure to State a Claim. In addition, the Rivera's counsel did not respond to a letter from the Clerk of Court requesting that he file a Motion to Appear Pro Hac Vice.

## CONCLUSION

For these reasons, this Court concludes Defendants' Motion to Dismiss for Failure to State a Claim must be GRANTED.

It is so ORDERED.
SIGNED this 13th day of April, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE